UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Evolution Outdoors LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Robert Paul Schneider (d/b/a Trifecta Broadheads),**<br><br>    Defendant. | Case No. 5:25-cv-00047<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

The Plaintiff, Evolution Outdoors LLC (hereinafter "Evolution Outdoors"), for its Complaint against the Defendant, Robert Paul Schneider (d/b/a Trifecta Broadheads) ("Defendant"), alleges as follows:

### The Parties

1. Plaintiff Evolution Outdoors is an Arizona corporation having its principal place of business at 16408 W Mohave St., Goodyear, AZ. Evolution Outdoors is a leader in the development and design of archery technology and products, including broadheads for hunting animals.

2. Defendant Robert Paul Schneider resides at 191 Paloma Ranch Road W, Mountain Home, TX, 78058, and does business under the name "Trifecta Broadheads." Defendant imports, makes, uses, sells and/or offers for sale broadhead products with fixed blades and mechanical blades, including those referred to as "Elk Assassin," "Whitetail Killa," "Blender," "Fixed Blade,"

"Tomahawk," "Tag Puncher," "Stealth Bomber."

3. Defendant does business on a regular basis in Texas and in this District, including making, using, selling and/or offering for sale its "Elk Assassin," "Whitetail Killa," "Blender," "Fixed Blade," "Tomahawk," "Tag Puncher," "Stealth Bomber" broadheads in Texas and this District that infringe Evolution Outdoors's rights.

**Jurisdiction and Venue**

4. This is an action for damages and injunctive relief based on patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over this complaint pursuant to at last 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over the Defendant is proper in this Court because Defendant resides here, actively and regularly conducts business within the state of Texas, and conducts business in this District through the headquarters located in Mountain Home, Texas.

5. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b). Defendant imports, makes, sells and/or offers to sell the Infringing Broadheads in this District from the Mountain Home headquarters.

**Defendant's Infringing Broadheads**

6. Defendant imports, makes, sells, and/or offers to sell broadheads entitled "Elk Assassin," "Whitetail Killa," "Blender," "Fixed Blade," "Tomahawk," "Tag Puncher," and "Stealth Bomber."

7. As set forth herein, Defendant's "Elk Assassin," "Whitetail Killa," "Blender," "Fixed Blade," "Tomahawk," "Tag Puncher," and "Stealth Bomber" broadheads (the "Infringing Broadheads") infringe Evolution Outdoors' patent.

2

8. Defendant's Infringing Broadheads are depicted below.



## Count 1 - Infringement of U.S. Patent No. 10,890,421

9. Evolution Outdoors realleges and incorporates by reference the allegations stated

3

in paragraphs 1-8 of this Complaint as if fully set forth herein.

10. On January 12, 2021, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,890,421 ("the '421 Patent") entitled "Multi-Functional Broadhead Fixed and Mechanical."

11. Evolution Outdoors is the owner of the '421 Patent, by virtue of the assignment to it of all rights, title and interest to the '421 Patent. A true and correct copy of the '421 Patent is attached to this Complaint as Exhibit A.

12. Defendant manufactures, uses, offers to sell, sells, and/or imports broadheads, including, but not limited to the Infringing Broadheads that directly infringe, either literally or through the doctrine of equivalents one or more claims of the '421 Patent, including at least claims 1, 2, and 4.

13. Exemplary claims 1, 2, and 4 of the '421 Patent recite:

1. A multifunctional arrow broadhead comprising

a ferrule wherein the ferrule includes a plurality of slots, a first screw/pin, and a media hole positioned below the first screw/pin and configured to engage a second screw, and wherein the media hole is positioned perpendicular to a longitudinal axis of the ferrule;

at least two blades wherein the blades are configured to engage the plurality of slots and wherein the screw/pin secures the blades to the ferrule; and

a base wherein the blades are further configured to function in a first mode wherein the two blades are further configured to function in a second mode and wherein the first and second modes are user selected.

2. The multifunctional arrow broadhead of claim 1, wherein the first mode is a fixed blade configuration wherein the blades are extended in a deployed position.

4. The multifunctional arrow broadhead of claim 1, wherein the second mode is a mechanical configuration wherein the blades are further configured in a retracted position throughout an arrow time of flight and wherein the blades deploy to an extended position upon a target impact.

14.     Exemplary claim charts cross-referencing the elements of claims 1, 2, and 4 with an explanation of exemplary infringing aspects of the Defendant's Infringing Broadheads is attached as Exhibit B and is incorporated by reference herein.

15.     As shown in Exhibit B, the Defendant's Infringing Broadheads include a multifunctional broadhead including each and every element of at least claims 1, 2, and 4 of the '421 Patent, either literally or through the doctrine of equivalents, including:

> 1. A multifunctional arrow broadhead comprising
>
> a ferrule wherein the ferrule includes a plurality of slots, a first screw/pin, and a media hole positioned below the first screw/pin and configured to engage a second screw, and wherein the media hole is positioned perpendicular to a longitudinal axis of the ferrule;
>
> at least two blades wherein the blades are configured to engage the plurality of slots and wherein the screw/pin secures the blades to the ferrule; and
>
> a base wherein the blades are further configured to function in a first mode wherein the two blades are further configured to function in a second mode and wherein the first and second modes are user selected.
>
> 2. The multifunctional arrow broadhead of claim 1, wherein the first mode is a fixed blade configuration wherein the blades are extended in a deployed position.
>
> 4. The multifunctional arrow broadhead of claim 1, wherein the second mode is a mechanical configuration wherein the blades are further configured in a retracted position throughout an arrow time of flight and wherein the blades deploy to an extended position upon a target impact.

16.     Defendant has, literally or under the doctrine of equivalents, actively induced infringement, and is actively inducing infringement of one or more claims of the '421 Patent under at least 35 U.S.C. §271(b) by aiding and abetting, encouraging and intending its customers and recipients and possibly others as yet unknown to Evolution Outdoors to use, sell or offer to sell the Infringing Broadheads in a manner that directly infringes one or more claims of the of the '421 Patent, including at least claims 1, 2, and 4. For example, Defendant instructs consumers, dealers, and others in the archery industry that the blades of the accused fixed blades broadheads can be

5

interchanged, or swapped out, with the blades of the accused mechanical blade broadheads. See Exhibit C (https://www.youtube.com/watch?v=VLcxlFVYMEg) ("one ferrule will make all these designs just by swapping the blades"); Exhibit D (https://www.youtube.com/watch?v=4AWF8qXZxiQ) ("different heads you can get using the same ferrule just interchanging the blades"); Exhibit E ("Trifecta Broadheads, with universal ferrule technology, allow the archer to use two different styles of broadheads (fixed or mechanical)").

17. On information and belief, Defendant had knowledge of Evolution Outdoors' patented broadheads and the '421 Patent, and has been, and continues to be, with full knowledge of the '421 Patent and is a deliberate and willful infringement thereof.

18. Defendant's acts of infringement have been without express or implied license by Evolution Outdoors, are in violation of Evolution Outdoors's rights, and will continue unless enjoined by this Court.

19. Evolution Outdoors has been and will continue to be irreparably harmed by Defendant's infringement of the '421 Patent.

## Jury Demand

Evolution Outdoor demands a jury trial on all issues so triable.

## Prayer For Relief

**WHEREFORE**, Plaintiff Evolution Outdoors respectfully prays that:

A. Pursuant to 35 U.S.C. § 271, this Court enter judgment that Defendant has been and is currently infringing the '421 Patent.

B.      This Court Order that Defendant and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '421 Patent, including through making, selling or offering for sale the infringing products or importing the infringing products or engaging in infringing activities;

C.      This Court Order that Defendant provide an accounting to determine the damages suffered by Evolution Outdoors as a result of Defendant's acts of patent infringement, such damages including no less than a reasonable royalty;

D.      This Court Order that Defendant pay Evolution Outdoors the amount of damages that Evolution Outdoors has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. § 284 as a result of any willful infringement of Evolution Outdoors' '421 Patent;

E.      This be declared an exceptional case under 35 U.S.C. § 285, and Evolution Outdoors be awarded its attorneys' fees;

J.      This Court Order that Defendant pay Evolution Outdoors an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

K.      Evolution Outdoors be granted such other further relief as the Court may deem proper and just.

Dated:  January 10, 2025                    Respectfully submitted,


                                            By: /s/ Alexander J. Bruening

Alexander J. Bruening (admitted in the Western District of Texas)
Illinois Bar No. 6335629
abruening@bannerwitcoff.com
Jason S. Shull (*pro hac vice* forthcoming)
jshull@bannerwitcoff.com
Illinois Bar No. 6273435
Banner Witcoff
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR PLAINTIFF EVOLUTION OUTDOORS LLC**